A. ISER v. P. COHEN, for the use of M. SHYER, Adm'r.

1. BLANK ENDORSEMENT. *Liability created by. May be enlarged by parol evidence.* While it is true that an endorsement in blank, in the absence of any proof of a different contract, implies an obligation to pay only when notice of protest is duly given the endorser, yet he may, by his agreement, enlarge his liability, and it is competent, upon the trial, to show by parol evidence the nature and extent of his undertaking.

Cases cited: 11 Hum., 360; 4 Sneed, 338.

2. SAME. *Notice of non-payment. Illustration.* Blum made his note payable to plaintiff; defendant endorsed his name on the back of it. Plaintiff, who was present, preferred he should write on the face as surety. Defendant assured plaintiff his liability would be the same as if his name was on the face.

*Held,* defendant was not entitled to notice of non-payment.

3. SAME. *New trial.* It would be a dangerous practice to grant a new trial upon the unsupported affidavit of defendant, that plaintiff had sworn falsely and thereby surprised him.

---

FROM DAVIDSON.

---

Appeal from the Circuit Court. EUGENE CARY, Judge.

NEIL S. BROWN for Iser.

BATE & WILLIAMS for P. Cohen.

DEADERICK, J., delivered the opinion of the Court.

This is an action upon a promissory note made by R. D. Blum, payable to Pauline Cohen, and endorsed by plaintiff in error.

At July Term, 1869, of the Circuit Court of Davidson County, the parties, waiving the intervention of

a jury, submitted the law and the facts of the cause to the determination of the Circuit Judge. His Honor gave judgment in favor of plaintiff for $729.25, being the amount of the note and interest, less the amount of a small credit endorsed upon the note. From this judgment, the Court having refused, upon the motion and affidavit of Iser, to grant a new trial, defendant has appealed. Iser's signature is in form an endorsement of the note, but he is declared against as a joint maker or co-promissor with Blum, and upon the facts of the case as stated by Mrs. Cohen.

The facts connected with the note, as stated by Mrs. Cohen, are, that it was made for money loaned to Blum, for which Iser was to become his surety; that after Blum had signed the note, Iser wrote his name on the back, and that she objected, and wanted him to sign on the face, under Blum's name. Iser replied, it was the same thing as if he had signed his name at the bottom, after Blum's, and that his signing on the back made no difference. Witnesses, Blum and Iser, were present together when the note was signed and delivered to her. That Blum was insolvent at the time, and she let the money go on Iser's credit.

Witness further stated that she called upon Iser after the note fell due to pay it, and that he said he could not pay it then, but would pay some, and did pay $8.50. This sum was credited on the note as received of Iser, January, 1868. The note was not protested until about a year after it fell due.

Upon the foregoing facts we think the judgment of the Circuit Judge was correct.

While it is true that an endorsement in blank, in the absence of any proof of a different contract, implies an obligation to pay only when notice of protest is duly given the endorser, yet he may, by his agreement, enlarge his liability, and it is competent, upon the trial of the cause, to show, by parol evidence, the nature and extent of his undertaking. 11 Hum., 360; 4 Sneed, 338.

The substance of Iser's assurance to Mrs. Cohen was, that he would be bound, in the same manner and to the same extent that Blum was bound, by writing his name upon the face of the note, and upon this assurance Mrs. Cohen accepted the note and parted with her money.

It was, therefore, not necessary, in order to hold Iser liable, that the note should have been protested. Nor is it necessary to determine whether the payment made by Iser, and his declarations at that time, constituted a waiver of the necessity of protest and notice.

It is insisted on behalf of Iser that the Court ought to have granted him a new trial for the reasons disclosed in his affidavit.

The affidavit states that defendant was absent at the time of the trial, because of illness, and if he had been present he could have proved, by his own oath, that he did not waive the necessity of protest of the note, and that he did not know that any

attempt would be made to prove a waiver of protest and notice, and that he now learns a pretended credit of $8.50 appears on the note, and that no such payment was ever made by him.

Neither Blum nor Iser was examined upon the trial, nor was any effort made to continue the cause, for want of testimony or upon other ground.

The facts proved upon behalf of plaintiff were substantially alleged in the declaration; the note was on file and showed the credit of "$8.50 paid by Iser, January, 1868," so that we do not think that plaintiff in error can claim that he was surprised by the testimony of Mrs. Cohen. The declaration and the endorsement of the credit upon the note, on file in the case, were ample notice to him that he might expect the plaintiff to introduce proof to support the case made by the pleadings. And it would be a most dangerous precedent to grant a new trial upon the affidavit of the losing party, unsupported by other proof, that the testimony of the witnesses of his adversary was false.

Upon the whole, we think the justice of the case has been attained, and we affirm the judgment.